## FRANK KLINK v. VAL BLATZ BREWING COMPANY.[1]

January 8, 1915.

Nos. 18,926—(152).

**Action for rent — evidence.**
　　1. Evidence in an action to recover rent *held* to establish the existence of the lease sued on.

**Surrender of premises.**
　　2. Question of defendant's alleged surrender of the leased premises to plaintiff so as to terminate the lease, *held* properly submitted to the jury.

Action in the district court for St. Louis county to recover $700. The case was tried before Hughes, J., who denied motions for a directed verdict in favor of each party, and a jury which returned a verdict for the amount demanded. From an order denying defendant's motion for a new trial, it appealed. Affirmed.

*John A. Keyes,* for appellant.
*Archer & Pickering,* for respondent.

1 Reported in 150 N. W. 398.

PHILIP E. BROWN, J.

Plaintiff had a verdict in an action to recover rent, and defendant appealed from an order denying a new trial.

It appeared that plaintiff leased his building to defendant for two years prior to July 7, 1912, at a monthly rental .of $75 per month. He claimed that about the time of the expiration of this lease he again rented the same premises to defendant for the term of one year at $70 per month, the rental for the first two months being paid; and that defendant then vacated the premises without right and failed to pay the rent for the remainder of the term, for which a recovery was here sought and obtained. Defendant answered, denying all allegations of the complaint, "except such averments thereof as are hereinafter specifically admitted, qualified or otherwise explained"; denied being indebted to plaintiff; and averred that on or about August 20, 1912, it duly notified plaintiff "that it would surrender *said lease*", which notice was duly served, and, in effect, that it surrendered possession of the premises to plaintiff, who received and accepted the same. Plaintiff, in his reply, joined issue on these allegations.

Defendant now contends that there was no sufficient proof of the last-mentioned lease. 'It is very doubtful if any such issue was made by the pleadings; but, assuming otherwise, the evidence is quite clear that the contract was made and that the only defense related to the alleged surrender of the leased premises. Defendant's letters clearly indicated the existence of the lease, and also that defendant predicated its claim of right to cancel the same upon an alleged provision thereof, though it failed not only to offer the instrument in evidence but to produce it upon demand; nor did it establish any right to terminate or offer any evidence whatever in support of its claims, except such as was elicited on cross-examination of plaintiff. The court properly submitted the question of the alleged surrender to the jury, and further instructed them that, if they found in favor of plaintiff on that issue, he should recover either on the theory of the existence of the lease for one year or of a holding over under the first lease, without proper notice of termination. Defendant claims a variance in the latter regard between the complaint and the proofs, but no

128 M.—10.

such claim was made on the trial, and no exception was then or afterwards taken to the charge.

Defendant's assignments of error, except as stated, all relate to admission of testimony, and hence, in view of the conclusions reached above, are inconsequential.

Order affirmed.